The STATE of Ohio, Appellee,

v.

POWELL, Appellant.

[Cite as *State v. Powell* (1999), 134 Ohio App.3d 616.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA98–10–213.

Decided July 19, 1999.

*Samuel D. Borst,* Hamilton City Prosecutor, for appellee.

*Fred Miller,* for appellant.

POWELL, Presiding Judge.

Defendant-appellant, Vincent Powell, appeals his conviction, rendered in the Hamilton Municipal Court, for personating an officer in violation of R.C. 2913.44(A).[1] We affirm the judgment of the trial court.

---

1. R.C. 2913.44(A) states that "[n]o person, with purpose to defraud or knowing that he is facilitating a fraud, or with purpose to induce another to purchase property or services, shall personate a law enforcement officer, or an inspector, investigator, or agent of any governmental agency."

Appellant is a licensed chiropractor. Appellant testified that he routinely obtains Hamilton Police Department accident reports for the purpose of soliciting business. Appellant hired telemarketers to call injured people, following a script appellant had prepared. Appellant testified that he never instructed a telemarketer to "represent themselves to be police officers or an agent of the Hamilton Police Department[.]" Instead, appellant testified that he told his telemarketers to say that appellant was "work[ing] in [cooperation] with the police department." Appellant also personally called accident victims in order to solicit potential patients.

On March 29, 1998, Tonya Jordan, the fiancée of Tim Teague, was involved in a traffic accident in Hamilton. The following day, Teague received a phone call regarding the accident. Teague testified that the male caller said that he was "from the Hamilton Police Department." Teague also testified that the caller "recommended a chiropractor and he gave his name as Dr. Powell."

Soon after, Jordan received a phone call from a man. The man stated that "[h]e was an officer" and told Jordan he had already spoken with Teague. The man referred Jordan to Powell for chiropractic care. Less than a hour later, Powell, or someone from his office, called Jordan's house. Appellant made an appointment to see Powell at his office.

Detective Ed Buns of the Hamilton Police Department testified at trial. Buns began an internal investigation of whether a Hamilton police officer may have been "operating outside the scope of his authority and using that authority to solicit business for a private enterprise." When Powell came into the Central Records Bureau to buy copies of accident reports, Buns asked to speak to him as part of the internal investigation.

Powell told Buns that he used the police reports in order to solicit business. Powell indicated that for the past "four to six weeks," he had not used a private solicitor and that "he had made his own solicitation phone calls." In the phone calls, Powell would tell people that he worked "in cooperation with the Hamilton Police Department."

Appellant was indicted on two counts of personating a police officer. After a bench trial, appellant was found guilty of one count, which concerned the phone call to Jordan. Appellant received a suspended six-month jail sentence. From his conviction, appellant filed a timely notice of appeal and presents one assignment of error for our review:

"The trial court erred to the prejudice of defendant-appellant when it convicted him of personating a police officer."

Appellant has two separate arguments under this assignment of error: (1) the evidence against him was legally insufficient, and (2) the court erred by utilizing

appellee's bill of particulars to help define the statutory offense of personating an officer. We address each of these arguments separately.

In *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546, the Supreme Court of Ohio clarified that the legal concept of sufficiency of the evidence refers to whether the conviction can be supported as a matter of law. In making this determination, the reviewing court must view the evidence in the light most favorable to the prosecution, and determine whether any reasonable trier of fact could find, beyond a reasonable doubt, that appellant committed the crime of personating an officer. *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503.

Appellant's argument is that the phone call to Jordan, which resulted in his conviction, does not constitute personating an officer. According to Buns, appellant conceded that he was making solicitation calls to accident victims during the time period when the call was made to Jordan. Jordan testified that the caller stated that he was a police officer. A reasonable trier of fact could easily have concluded that appellant pretended to be a police officer in order to profit by perpetuating a fraud on Jordan, a potential patient.

Appellant also argues that the trial court improperly relied on the bill of particulars in defining the legal term "personate" in the statute. The trial court, left without a legal definition in the statute, utilized the definition of "personate" from Black's Law Dictionary (5 Ed.1979) 1030:

"To assume the person (character) of another, without his consent or knowledge, in order to deceive others, and, in such feigned character, to fraudulently do some act or gain some advantage, to the harm or prejudice of the person counterfeited. To pass one's self off as another having a certain identity."

The trial court also considered the somewhat analogous R.C. 2921.51, impersonating a peace officer or private policeman. R.C. 2921.51(A)(3) defines "impersonate" as follows:

"[T]o act the part of, assume the identity of, wear the uniform or any part of the uniform of, or display the identification of a particular person or of a member of a class of persons with purpose to make another person believe that the actor is that particular person or is a member of that class of persons."

The trial court also relied on the definitions for the crime in the bill of particulars.

Having thoroughly reviewed the trial court entry, we believe that the trial court was applying the legal definition of personate in the statute, considering both R.C. 2921.51(A)(3) and Black's Law Dictionary. We do not agree that the trial court allowed this crime to be defined through the bill of particulars. The

trial court, in essence, noted that the facts in the bill of particulars were consistent with the court's understanding of the legal definition of the elements of the crime of personating an officer. In any event, the bill of particulars is consistent with the statutory definition of the crime of personating an officer. Thus, any error is harmless. The assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG and VALEN, JJ., concur.